UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL W. HOHNBERGER,

       Plaintiff,                             Case No.  1:14-cv-1062

v.                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL
SECURITY

       Defendant,
                                     /

**OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Michael Hohnberger seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits,

and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff is 64 years old. He was born on May 3, 1951, graduated from high school, and completed some college courses. (A.R. 27). Plaintiff chose a career in the military, and worked specifically as a cataloger, course director, computer readiness data worker, and call center worker. (A.R. 18, 44). On February 15, 2012, plaintiff filed for DIB (A.R. 114-17) alleging disability beginning on July 2, 2011 due to "coronary artery disease, atrial fibrillation, and Chronic Obstructive Pulmonary Disease" (COPD). (A.R. 137). Plaintiff's application was denied by the

Commissioner on May 17, 2012. (A.R. 71). Plaintiff thereafter requested a hearing before an Administrative Law Judge (ALJ) and on May 6, 2013, plaintiff appeared for an administrative hearing before ALJ Thomas Walters with his counsel. (A.R. 23). At that hearing, plaintiff and vocational expert (VE) Norman Abeles testified. (A.R. 23). ALJ Walter's decision, dated May 13, 2013, determined that plaintiff's date last insured was December 31, 2016, and that plaintiff was not entitled to DIB. (A.R. 9-22). Plaintiff sought review before the Appeals Council, but the Council declined to review the case on September 8, 2014, making it the Commissioner's final decision. (A.R. 1-6). Plaintiff thereafter initiated this action.

## ALJ'S DECISION

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability. First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from

>doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted). If at any step, the ALJ finds that the individual is not disabled, he makes his determination and does not go on to the next step. 20 C.F.R. § 404.1520(a)(4).

The plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined plaintiff's claim failed at the fourth step of the evaluation. The ALJ initially found that plaintiff had not engaged in substantial gainful activity since July 2, 2011. (A.R. 14). Second, the ALJ determined that plaintiff had the severe impairments of: (1) atrial fibrillation; and (2) COPD. (A.R. 14). At the third step, the ALJ considered whether the plaintiff met a listed impairment and found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (A.R. 15).

With respect to plaintiff's residual functional capacity (RFC), the ALJ determined that plaintiff had the RFC to "perform light work, except his work must be performed in a clean air environment." (A.R. 15) (citation omitted).[1]

---

[1] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is

Continuing with the fourth step, the ALJ determined that plaintiff was capable of performing his past relevant work as a call center worker. (A.R. 18-19). Having made his disability determination at step four, the ALJ ended his analysis and concluded that plaintiff was not disabled under the meaning of the Act.

**ANALYSIS**

Plaintiff raises the following issues on appeal:

I. Whether the Commissioner Failed to Sustain Its Burden That Mr. Hohnberger Retained the Exertional Functional Capacity to Perform His Past Call Center Attendant Work Activity, When the Commissioner Retained Vocational Expert Confusedly Depicted that Work Initially as Heavy, and then as Light, Even Though Mr. Hohnberger's Call Center Attendant Work Activity Required Him to Lift up to 50 Pounds in that Performance?

    A. Whether the Commissioner Failed to Sustain Its Burden That Mr. Hohnberger Retained the Exertional Functional Capacity to Perform Work as a Call Center Attendant, When the Commissioner's ALJ Confusedly Concluded that Mr. Hohnberger Retained the Capacity to do that Work as Performed, that is, Lifting Up to 50 Pounds, and then as Generally Performed, Within a Light Exertional Functional Capacity?

II. Whether Mr. Hohnberger Sustained His Burden of Demonstrating Inability to Perform his Past Work as a Call Center Attendant, When the Commissioner Failed to Consider Mr. Hohnberger's Doctor's Preclusion of Mr. Hohnberger From Work-Related Stress, and When the Commissioner's ALJ Failed to Give an Explanation For Why the ALJ Discounted Mr. Hohnberger's Daytime Sleepfulness?

III. Whether the Commissioner's ALJ Failed to Give Adequate Deference to the Department of Veterans Affairs' Conclusion of Mr. Hohnberger's 100%

---

considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday."  20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

> Service-Connected Disability Rating, in Assessing Mr. Hohnberger's Ability to Do Mr. Hohnberger's Past Work as a Call Center Attendant.

(Dkt. #9, PageID 423). The Court will address the issues below.

### A. The ALJ Properly Determined that Plaintiff Could Perform His Past Relevant Work as a Call Center Worker.

The ALJ determined that plaintiff could perform his past work as a call center worker. At the administrative hearing plaintiff was asked about this job, and he testified that the job description required a worker to lift up to 80 pounds, and that as he performed it, he lifted and carried boxes of photocopier paper that weighed 50 pounds. (A.R. 33). The ALJ posed a hypothetical to the VE in which the ALJ asked whether a person similar to plaintiff, and who was able to perform a full range of light work, would be able to perform the call center position. (A.R. 45). The VE testified in the affirmative. (A.R. 45).

At step four in the sequential analysis, the ALJ relied on the VE's testimony and concluded that "claimant is able to perform [the call center position] as *generally performed*." (A.R. 19) (emphasis added). Plaintiff argues the ALJ erred by finding plaintiff could perform his past relevant work because plaintiff's RFC of light work is incompatible with the call center position as plaintiff performed it.

When evaluating whether a claimant retains the capacity to perform past relevant work, the Court must consider such work both "as the claimant performed it" as well as how "it is generally performed within the national economy." Social Security Regulation 82–61, 1982 WL 31387 at *1–2 (S.S.A.1982); *see also*, 20 C.F.R. § 404.1560; *Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 556–57 (6th Cir. 1995); *Delgado v. Commissioner of Social Security*, 30 Fed. Appx. 542, 548 (6th Cir. Mar. 4, 2002) (citations omitted). It is well accepted that if a

claimant cannot perform her past relevant work as she actually performed it, but "can perform the functional demands and job duties as generally required by employers throughout the economy, the [claimant] should be found 'not disabled.'" *DeMoss v. Secretary of Health and Human Services*, 1988 WL 42006 at *5 (6th Cir. May 5, 1988) (citing Social Security Ruling 82–61); *see also, Studaway v Secretary of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987).

It is clear that the ALJ found that plaintiff was capable of performing the call center position as it is generally performed. The VE testified that the position as generally performed was classified as light and skilled, and that a person, similar to plaintiff, and capable of performing a full range of light work, would be able to perform the duties of the job. (A.R. 45-46). VE testimony can provide substantial evidence that a plaintiff can perform his past relevant work. *Louden v. Comm'r of Soc. Sec.,* 507 F. App'x 497, 499 (6th Cir. 2012). While the Court finds that there was some initial confusion at the hearing regarding the classification of the call worker position, it was not as muddled as plaintiff claims. The transcript from the hearing demonstrates that the ALJ clarified the classification of the position as it is generally performed, and also directly questioned the VE on whether plaintiff could perform the duties of the position under an RFC of light work. (A.R. 45-56). Given that, substantial evidence supports the ALJ's decision that plaintiff was capable of performing the job as it is generally performed. (A.R. 19). The determination that plaintiff could perform the job as generally performed was sufficient for purposes of step four in the sequential analysis. Accordingly, plaintiff's claim is rejected.

### B.     The ALJ's RFC Assessment is Supported By Substantial Evidence.

At the administrative hearing, and in his function reports, plaintiff consistently stated that his doctors told him to avoid both emotional and physical stress, claiming that high-stress

situations worsen his severe and non-severe impairments. (A.R. 34-37, 149, 322, 330). Plaintiff argues that the RFC should have accounted for plaintiff's need of a low stress environment.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *see Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 530 (6th Cir. 1992).

Despite plaintiff's contentions, the only portion of the record recommending a low stress environment comes entirely from plaintiff's own statements (A.R. 34-35, 322)–which the ALJ found not to be credible (A.R. 16-17). Though plaintiff argues it was his doctors who told him to avoid stress, the treatment notes and other records from plaintiff's physicians are silent regarding plaintiff's stress. For example, notes from Dr. Peck observed that while plaintiff had high blood pressure, plaintiff was generally doing well, had an improved heart rate, and did not have chest pain. (A.R. 248, 252-53). A list of risk factors for plaintiff's coronary artery disease, prepared by Dr. Peck, did not include stress. (A.R. 254). Other treatment records are the same. Moreover, according to plaintiff's own testimony, his doctors encouraged him to engage in physical stress–namely exercise. (A.R. 40). In short, the record does not support plaintiff's claim.

Furthermore, the ALJ did discuss the stressful situations that plaintiff complains of in covering the plaintiff's subjective complaints of shortness of breath. The ALJ noted that plaintiff reported shortness of breath in his activities of daily living, specifically that plaintiff became short

of breath at his grandson's basketball game and could not engage in social activities, yard work or hobbies. (A.R. 16). Such severe complaints were not consistent, the ALJ reasoned, with seeking treatment for cough only a few times (A.R. 238, 301) and the medical record above. (A.R. 16). Accordingly, plaintiff's claim is rejected.

### C. The ALJ's Credibility Determination is Supported By Substantial Evidence.

At the administrative hearing, plaintiff testified that he napped several times a day, and that if he sat down for any length of time, he would soon be asleep due to his medication's side effects. (A.R. 35-36). Plaintiff argues the ALJ should have accounted for this in the RFC determination. (Dkt #9, PageID 429-30). The ALJ, however, found plaintiff's testimony not to be credible because "[t]here is no significant evidence in the treatment record to support the claimant's testimony that he naps several times per day." (A.R. 17). Plaintiff argues that he is entitled to relief because the ALJ improperly rejected his subjective allegations.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir. Aug. 29, 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also, Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir. Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir. July 29, 2004). Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F .2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F .3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Parley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative

law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir. Oct. 4, 2013) (citation omitted).

The ALJ is correct that the record does not support plaintiff's claims. Plaintiff does not point to, and the Court cannot find, medical records documenting plaintiff's need for naps, especially records connecting his fatigue to his medication. There are no records restricting plaintiff from operating heavy machinery or driving, or any general complaints from plaintiff regarding his medication's side effects. Plaintiff is able to complete a variety of daily activities such as going for walks, driving a car, shopping, and doing laundry. (A.R. 145-46). Moreover, plaintiff's allegations of fatigue appear to be more closely tied to his COPD than to his medications. (A.R. 322). Here, the ALJ found that plaintiff's statements regarding the severity of his breathing condition were also not credible. The record shows, for example, that when plaintiff uses his inhaler, his breathing significantly improves. (A.R. 241). But as demonstrated by pulmonary function tests, plaintiff underutilizes his inhaler. (A.R. 323). The ALJ found this to be inconsistent with the severity plaintiff assigns to his breathing difficulties, and the Court agrees. In sum, substantial evidence supports the ALJ's conclusion regarding plaintiff's credibility.

### D.     The ALJ Did Not Err in Considering the Department of Veteran Affair's Determination that Plaintiff was Disabled.

At the administrative hearing, plaintiff testified that he was found by the VA to be 100% disabled. (A.R. 28-29).  Plaintiff argues that this determination was entitled to "greater weight" by the ALJ. (Dkt. #9, PageID 430).  In discussing the VA's determination, the ALJ noted:

> The undersigned is aware that the claimant has been adjudged to be under a disability by the Veterans Administration, which also considered his service connected history of mild flat feet, hemorrhoids and ear infections.  Social Security Regulations No. 4 provide however, that a decision by another governmental agency concerning an individual's disability is based upon its own rules and is not binding upon the Social Security Administration (20 CFR 404.1504).  Accordingly, a determination by the Veterans Administration does not provide a basis for establishing 'disability' within the meaning of the Social Security Act, especially when, as here, the claimant does not allege functional limitations resulting from all the diagnoses that the Veterans Administration included in its determination.

(A.R. 18). Plaintiff fails to show how the ALJ erred.

As the regulations make clear, "[a] decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. §§ 404.1504.  In other words, a VA finding that plaintiff is disabled may be considered, but the ALJ is not required to give it any specific weight. *Id.*; *see also Ritchie*, 540 F. App'x at 510;  Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, SSR 06–3p (reprinted at 2006 WL 2329939, at * 6–7 (SSA Aug. 9, 2006)).  Thus the only requirement

is that the ALJ consider the VA's decision. *Stokes v. Comm'r of Soc. Sec.*, No. 1:13-CV-487, 2015 WL 803087, at *7 (W.D. Mich. Feb. 25, 2015).

As demonstrated from the above excerpt, the ALJ clearly understood that he was not required to give any weight to the VA's decision. Additionally the ALJ considered the VA's disability determination, but declined to afford it much weight because the VA's determination was based on impairments (hemorrhoids, flat feet, and ear infection) that were not at issue in this determination. (A.R. 18, 167). This was all the ALJ was required to do. While the plaintiff may disagree with the ALJ's decision, he points to no legal error. Accordingly, plaintiff's claim fails.

## CONCLUSION

For the reasons discussed, the Commissioner's decision will be **AFFIRMED**. A separate order shall issue.


Date: October 29, 2015                                             /s/ Janet T. Neff
                                                                   Janet T. Neff
                                                                   United States District Judge